UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80932-CIV-MARRA

CAROLYN ROBINSON EDWARDS,

    Plaintiff,
vs.

AUTO SHOWCASE MOTORCARS OF
PALM BEACH, LLC,
BILL PIERRE FORD, INC.,
NAPLETON'S NORTHLAKE AUTO PARK,
INC. D/B/A NAPLETON'S NORTH
PALM AUTO PARK, INC.,
CITIFINANCIAL AUTO CORPORATION,

    Defendants.
_____/

## ORDER AND OPINION

THIS CAUSE is before the Court upon Motion to Dismiss and/or in the Alternative, to Sever Count III - Napleton's from Plaintiff's Amended Complaint [DE 34]; Motion to Dismiss and/or in the Alternative to Sever Count IV From Plaintiff's Amended Complaint [DE 37]; and Defendant, Bill Pierre Ford, Inc.'s Motion to Dismiss and/or Motion to Sever Count II From Plaintiff's Amended Complaint [DE 38].  The Court has carefully considered the motions, the entire Court file, and is otherwise fully advised in the premises.

Plaintiff Carolyn Robinson Edwards ("Plaintiff" or "Edwards") filed her initial complaint pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. alleging counts against the following defendants: (1) Auto Showcase Motorcars of Palm Beach, LLC ("Auto Showcase"); (2) Bill Pierre Ford, Inc. ("Bill Pierre Ford"); (3) Napleton's Northlake Auto Park, Inc. ("Napleton's); and (4) CitiFinancial Auto Corporation ("CitiFinancial").

Defendant Napleton moved to dismiss and/or in the alternative to sever Count III. Plaintiff responded to the motion and then subsequently filed an unopposed motion to amend the complaint.  The Court granted leave to amend and denied the motion to dismiss as moot without prejudice.  DE 32.  Now, asserting that Plaintiff has failed to correct any deficiencies, Napleton, as well as Bill Pierre Ford and CitiFinancial (together, "Moving Defendants"), move to dismiss the complaint, or alternatively to be severed from it.  Plaintiff has not responded to the motions.

Standard of Review

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff.  *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007).  To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . Factual allegations

must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true" *Twombly*, 550 U.S. at 555 (citations omitted). Plaintiff must plead enough facts to state a plausible basis for the claim. *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, - U.S. --, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 570).

Discussion

Count I of the Amended Complaint ("Complaint") alleges that Edwards visited Auto Showcase on January 16, 2008, to look at a 2004 Land Rover, a type of vehicle that she liked. Compl. ¶ 4. At that time Auto Showcase obtained Plaintiff's credit application for the financing of the vehicle. Edwards purchased the vehicle from Auto Showcase, who extended the financing on the Land Rover by way of a retail installment sale contract ("RISC"). *Id*. The Complaint alleges that Auto Showcase did not assign the RISC and thereafter intentionally breached its terms. Auto Showcase then replevied the 2004 Land Rover from Edwards, falsely swearing under oath that it was not the creditor in the Plaintiff's purchase-finance transaction; and instead falsely swore that it remained at all times the owner of the Land Rover and that no ownership interest was ever transferred to the Plaintiff. Compl. ¶ 6.

On January 16, 2008, and again on March 22, 2008, Auto Showcase requested and obtained Plaintiff's consumer report from Credco. Compl. ¶ 9. Plaintiff alleges

that Auto Showcase did not have a lawful purpose for requesting and obtaining her consumer report on March 22, 2008, because Auto Showcase had no intention to actually extend the credit "disclosed" on January 16, 2008 RISC, which effectively denied credit to Edwards.  Compl. ¶ 10.  Because the defendant had no intention to fund the RISC, Auto Showcase's accessing Plaintiff's consumer report on March 22, 2008, was impermissible and a violation of the FCRA.[1]  Compl. ¶ 10.

The rest of the Complaint consists of three counts:  a single count against each of the three remaining defendants: Count II - Bill Pierre Ford; Count III - Napleton's; Count IV - CitiFinancial.  Plaintiff admits that she never visited or spoke with anyone associated with these Moving Defendants.  Plaintiff alleges, however, that each one accessed her consumer report without authorization in violation of the FCRA.

Moving Defendants argue that the Complaint fails to state a cause of action against any one of them because it contains no allegations setting forth (1) the identity of the parties and general allegations as to their purported roles in the complained of transaction; (2); the basis for jurisdiction; and (3) the basis for venue.  The Moving Defendants also assert that they are misjoined because no relationship between them exists and no causal relationship is alleged that would justify that they all be included in the same action.

---

[1] Count IA against Auto Showcase alleges a violation of the Equal Credit Opportunity Act ("ECOA").  Plaintiff claims that Auto Showcase unilaterally revoked the RISC thereby denying credit to Plaintiff but failed to issue an adverse action notice as required by the ECOA and Regulation B.  Compl. ¶ 18.

Identify/Roles

As to Moving Defendants, the Complaint fails to allege or provide reasonably specific facts or occurrences sufficient to support a claim under the FCRA. While plaintiff alleges that on a certain date her credit report was improperly accessed by each Moving Defendant, plaintiff fails to provide any factual support that to draw the reasonable inference that the Moving Defendants are liable for the misconduct alleged. *Ashcroft v. Iqbal*, - U.S. --, 129 S.Ct. 1937, 1949 (2009); *Twombly*, 550 U.S. at 570. Indeed, Plaintiff stated in response to Napleton's first motion to dismiss that she merely *assumed* that Napleton's access to her report must have been associated with her purchase of the Landrover from Auto Showcase because she did not attempt to purchase any other motor vehicle at the time. This sort of guess work does not provide a proper basis for bringing suit against three otherwise completely unrelated defendants.

Jurisdiction

Since federal courts are courts of limited jurisdiction, a plaintiff is required by Rule 8(a)(1) of the Federal Rules of Civil Procedure to allege in her complaint "a short and plain statement of the grounds upon which the court's jurisdiction depends." A federal court's jurisdiction must be established in a complaint by stating the basis of the court's jurisdiction and by pleading facts that demonstrate the existence of jurisdiction. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994); *Kirkland Masonry, Inc. v. Comm'r*, 614 F.2d 532, 533 (5th Cir. 1980) (same).

In the case of a domestic corporation, such as Napleton's, no particular facts need be alleged in the complaint to show the jurisdiction of the court.  However, the Complaint indicates that Bill Pierre Ford's principal address is in Seattle, Washington and that CitiFinancial is located in Fort Worth, Texas.  DE 1, ¶¶ 23, 43.  Whether the Court has personal jurisdiction over nonresident defendants is a question which requires the application of Florida law.  Initially, Plaintiff may seek to obtain jurisdiction over a nonresident defendant by pleading the basis for service in the language of the long-arm statute without pleading the supporting facts.  Fla. R. Civ. P. 1.070(h); *Gulf Atlantic Transport Co. v. Offshore Tugs, Inc.*, 740 F.Supp. 823, 825 (M.D. Fla. 1990); *Jones v. Jack Maxton Chevrolet, Inc.*, 484 So.2d 43 (Fla. Dist. Ct. App. 1986).  But in this case there are no allegations whatsoever in the Complaint regarding defendants' ties to Florida.  Because Plaintiff has not alleged sufficient facts to establish a basis for personal jurisdiction over Bill Pierre Ford and CitiFinancial, the Complaint fails to comply with the bare minimum requirements of Fed. R. Civ. P. 8(a).

Venue

The concept of venue relates to the place where judicial authority may be exercised.  It is intended for the convenience of the litigants and may be waived. *Driscoll v. New Orleans Steamboat Co.*, 633 F.2d 1158 (5th Cir. 1981).  Fed.R.Civ.P. 8(a) does not require that a complaint include allegations showing venue to be proper.  Therefore, failure to state that venue lies properly in this district is not a

valid reason to dismiss the complaint.

Conclusion

It is highly unusual for a Plaintiff not to respond to a motion to dismiss and for that reason alone the motions should be granted.  The Complaint filed in this case is deficient in that it fails to allege even the most basic and rudimentary facts.  It is dismissed for failing to allege a basis for personal jurisdiction over Bill Pierre Ford and CitiFinancial, and for not alleging any facts that reasonably connect the Moving Defendants to the alleged wrongful conduct.  The Court reserves ruling on the question of severance until valid claims have been stated.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely granted when justice so requires."  Therefore, in accordance with the usual practice upon granting a motion to dismiss, leave to replead those counts that are dismissed herein without prejudice will be permitted.  Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion to Dismiss and/or in the Alternative, to Sever Count III - Napleton's from Plaintiff's Amended Complaint [DE 34] is GRANTED in part and RESERVED in part; Motion to Dismiss and/or in the Alternative to Sever Count IV From Plaintiff's Amended Complaint [DE 37] is GRANTED in part and RESERVED in part; and Defendant, Bill Pierre Ford, Inc.'s Motion to Dismiss and/or Motion to Sever Count II

From Plaintiff's Amended Complaint [DE 38] is GRANTED in part and RESERVED in part.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this 14th day of April, 2010.

_____
KENNETH A. MARRA
United States District Judge

copies to:
All counsel of record