UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80932-CIV-MARRA/JOHNSON

CAROLYN ROBINSON EDWARDS,

    Plaintiff,

vs.

AUTO SHOWCASE MOTORCARS OF
PALM BEACH, LLC,
BILL PIERRE FORD, INC.,
NAPLETON'S NORTHLAKE AUTO PARK,
INC. D/B/A NAPLETON'S NORTH
PALM AUTO PARK, INC.,
CITIFINANCIAL AUTO CORPORATION,

    Defendants.
_____/

## ORDER AND OPINION DENYING MOTION FOR FEES

THIS CAUSE is before the Court upon Defendant, Napleton Northlake Auto Park, Inc.'s ("Napleton") Motion For Attorney's Fees [DE 94]. The Court has carefully considered the motion and response, and is otherwise fully familiar with this matter. No reply has been filed and the time period for doing so has past.

The Court assumes the parties' familiarity with the facts, history, and the rulings, both oral and written, entered in this case. Now that the Amended Complaint has been dismissed against it, Napleton moves for $16,456.50 in attorneys fees pursuant to 15 U.S.C. § 1681n(c). Napleton asserts that this suit was filed in bad faith or for purposes of harassment. If the Court finds that to be true, 15 U.S.C. § 1681n(c) provides that attorney's fees in relation to the work expended in responding to the offending pleading shall be awarded as a penalty.

It is the burden of the party moving for fees under § 1681n(c) to demonstrate that they are warranted.  See *DeBusk v. Wachovia Bank*, No. 06-0324, 2006 WL 3735963, *4 (D. Ariz. Nov. 17, 2006).  Bad faith is an objective standard that is satisfied when an attorney knowingly or recklessly pursues a frivolous claim.  *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003); *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1242, 1264 (11th Cir. 2007).  At the time the complaint was filed in this case, Plaintiff's counsel had a good faith basis to believe that the claims were not objectively frivolous.  Although at the time of the dismissal of Plaintiff's claims against Napleton she had failed to state valid causes of action against it, it appeared to the Court that Plaintiff had advanced a tenable or plausible legal position that was not completely and utterly baseless.  The case, however, ultimately was not dismissed against Napleton for failure to state valid claims, but rather due to Plaintiff's failure to file a Third Amended Complaint within the required time.  Because Plaintiff did advance a valid legal theory upon which she could have proceeded against Napleton, and because there is no evidence in the record to show that counsel filed the complaint to harass Napleton, it is hereby

ORDERED AND ADJUDGED that Defendant, Napleton Northlake Auto Park, Inc.'s

Motion For Attorney's Fees [DE 94] is DENIED.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this 5th day of April, 2011.

                                                KENNETH A. MARRA
                                                United States District Judge

copies to:
All counsel of record
Magistrate Judge Johnson